```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

NICOLASA J. GOMEZ,                )
                                  ) No. CV-04-3007-CI
        Plaintiff,                )
                                  ) ORDER GRANTING PLAINTIFF'S
v.                                ) MOTION FOR SUMMARY JUDGMENT
                                  ) AND REMANDING FOR AN IMMEDIATE
JO ANNE B. BARNHART,              ) AWARD OF BENEFITS
Commissioner of Social            )
Security,                         )
                                  )
        Defendant.                )
                                  )
```

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 17, 20), noted for disposition without oral argument on October 11, 2005. Attorney Tom Bothwell represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for an immediate award of benefits.

Plaintiff, 46-years-old at the time of the administrative decision, filed applications for Social Security disability benefits in December 2001 (Tr. at 58-60) and Supplemental Security Income (SSI) benefits in August 2002 (Tr. at 315-317), alleging onset as of July 1, 2001, due to physical impairments including chronic fatigue

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR AN IMMEDIATE AWARD OF BENEFITS   - 1

and episodes of acute pain. Plaintiff, a high-school graduate, had relevant past work as a knifer in a meat packing plant, award winning Wal-Mart department manager (Tr. at 348), bartender and cook at the Olive Garden. (Tr. at 23.) The record reflects Plaintiff worked several jobs at once prior to a decline in her health. (Tr. at 167.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Thomas J. Gaye (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability and was insured for benefits through December 2007. (Tr. at 22.) Plaintiff had not engaged in substantial gainful activity and had severe impairments, including lupus, localized and mild arthritis of the knees, possible Sjogren's syndrome with few symptoms noted, Type II diabetes mellitus, fibromyalgia, asthma and obesity, but those impairments were not found to meet the Listings. The ALJ concluded Plaintiff's testimony was not fully credible and that she retained the residual capacity to perform light work, including simple repetitive tasks with additional limitations including pushing/pulling leg controls; concentrated exposure to dust, fumes and gases. (Tr. at 25.) The ALJ found Plaintiff was unable to perform her past relevant work but could perform other work which exists in significant numbers in the national economy; thus, the ALJ concluded there was no disability.

**ISSUES**

The question presented is whether there was substantial

evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he improperly rejected the opinion of treating physician Shirley Mauch, D.O., who confirmed Plaintiff's need to lie down two or three hours during any eight or nine daytime hours was reasonable.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the ALJ failed to properly reject the opinion of her treating physician, Dr. Mauch, who concluded it was reasonable for Plaintiff to lie down during the day in light of her diagnoses of fibromyalgia, lupus, diabetes, asthma, arthritis, obesity and possible Sjogren's syndrome. Plaintiff further contends there were extensive medical notes and clinical examinations to support Dr. Mauch's opinion. Defendant responds Dr. Mauch's opinion was contradicted by other doctors, including that of examining rheumatologist, Dr. Shaul, who concluded Plaintiff could work or attend school. Additionally, Dr. Mauch noted on April 29, 2002, that Plaintiff could perform sedentary work up to half-time and estimated she would be so limited only for three months. (Tr. at 212.) Finally, agency physicians, as well as the medical expert who

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS   - 4

testified at the hearing, found Plaintiff was able to work. Defendant concludes the ALJ properly resolved the conflicting medical evidence.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states "specific, legitimate reasons" that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support a doctor's report based substantially on a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR AN IMMEDIATE AWARD OF BENEFITS   - 5

claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. Here, the treating physician's opinion as to functional limitations was contradicted by the examining physician, Dr. Shaul; thus, only specific, legitimate reasons were required to reject that opinion.

The ALJ noted in his opinion with respect to Dr. Mauch's opinion on the ultimate issue of disability:

> In May 2003, Shirley Mauch, D.O., signed a prepared statement that read "the undersigned agrees that Ms. Gomez's claimed need to lay down/need for recumbence for an average of 2 or 3 out of any 8 or 9 consecutive hours is reasonable consideration [sic] her diagnosed impairments." The undersigned notes this statement is not based on any medical evaluation, but rather is merely affirming the claimant's subjective statement. Accordingly, this statement is given little weight.

(Tr. at 24.) The question is whether these reasons are specific, legitimate, and supported by the record.

Dr. Mauch was Plaintiff's treating physician for several years; during that time, she prescribed medications and referrals for symptoms diagnosed ultimately as lupus, fibromyalgia, diabetes mellitus Type II, asthma, bilateral knee pain, obesity, Sjogren's Syndrome, and Reynaud's. Systemic lupus erythematosus[1] (SLE) was

---

[1] SLE is defined as an autoimmune disorder which attacks the connective tissue as though it were foreign, causing inflammation. Symptoms include skin rashes, fatigue, fever, loss of appetite, nausea, joint pain and weight loss. American Medical Association, ENCYCLOPEDIA OF MEDICINE (1989), at 653. Plaintiff, at one time or another, suffered from all of these symptoms. (Tr. at 165, 174, 207, 258.)

based on objective findings noted in October 2001. (Tr. at 162, 302.) Fibromyalgia was diagnosed after referral to University of Washington rheumatologists in January 2003, based on their findings of diffuse tender points. (Tr. at 258.) A comprehensive laboratory fatigue work-up was ordered. (Tr. at 259.) On January 28, 2003, university doctors concluded Plaintiff's serologies were consistent with Sjogren's syndrome as well as fibromyalgia. (Tr. at 304.) There was some concern, also, about sleep apnea contributing to Plaintiff's fatigue. Physical therapy and aerobic exercise were recommended.

In April 2002, Dr. Mauch concluded Plaintiff was capable of sedentary work with postural limitations, and no walking or standing for more than five to ten minutes. (Tr. at 211.) A year later in March 2003, in response to an inquiry from Plaintiff's counsel, Dr. Mauch found her need to rest for several hours a day reasonable in light of her diagnoses. (Tr. at 313, 325.) Contradicting the disability opinion, was an opinion in July 2002 by Dr. Shaul who concluded, "in terms of the Sjogren's Syndrome," medication was effective and Plaintiff could return to work or school when her knee condition was resolved; that condition did resolve through surgery. (Tr. at 290, 308.) Dr. Shaul did not address limitations due to fibromyalgia. After the denial of benefits by the ALJ, internist Dr. John Moran, M.D., opined in November 2003, that Plaintiff was unemployable due to severe systemic lupus erythematosus, severe fibromyalgia, and mild asthma and diabetes. (Tr. at 320-323.)

Medical expert David Williams testified the serologies for distinguishing lupus, Sjogren's and fibromyalgia are similar and very slight differences in blood work analysis can support any or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS    - 7

all of those diagnoses.  Systemic lupus and fibromyalgia cause fatigue and joint pain. American Medical Association, ENCYCLOPEDIA OF MEDICINE, (1989) at 453, 653, 909; *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004).  Side effects of medications, including Ultram and Plaquenil, include weariness or somnolence. Plaintiff's activities, limited to short distance driving, painting, reading, and light housekeeping with assistance from family members for heavier chores (Tr. at 343-344), are not inconsistent with her need to rest daily.

The court concludes the ALJ did not provide specific, legitimate reasons that were supported by the record for rejecting the opinion of the treating physician that Plaintiff's daily need to rest was reasonable in light of her diagnoses.  Having failed to provide sufficient reasons to reject Dr. Mauch's opinion as to fatigue, it must be credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Based on the testimony of the vocational expert, a need to rest daily for two to three hours precludes work activity.  (Tr. at 352.)  Thus, the record is complete and no purpose would be served to remand this matter for further administrative proceedings.

Plaintiff alleged an onset date of disability of July 1, 2001; however, she testified she continued to work until December 13, 2001. (Tr. at 334.)  Based on that testimony, an amended onset date of January 1, 2002, is appropriate. Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED;** the matter is **REMANDED** for an immediate award of benefits based on an amended onset date of **January 1, 2002.**  In the event

Plaintiff objects to the court's amendment of the onset date, a motion for reconsideration should be **FILED AND SERVED WITHIN TEN DAYS** of this Order, moving for remand under sentence four of 42 U.S.C. § 405(g). A failure to object will be construed by the court as consent by Plaintiff to the amendment.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 20)** is **DENIED.**

3. Any application for attorney fees shall be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED December 5, 2005.

                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE